IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DANNY D. REAVES, | ) | 8:13CV141 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JONATHAN ROBITAILLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on May 2, 2013. (Filing No. 1.) Plaintiff is a prisoner who has been granted leave to proceed in forma pauperis. (Filing No. 8.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I.   SUMMARY OF COMPLAINT

Plaintiff filed his Complaint against Jonathan Robitaille ("Robitaille"), Matt Chandler ("Chandler"), Francis Gallo ("Gallo"), Laurie Burgess ("Burgess"), and "Unknown Law Enforcement Officers." (Filing No. 1 at CM/ECF pp. 2-3.) Plaintiff alleges that Robitaille is a federal law enforcement officer, and Chandler and Gallo are state law enforcement officers. (*Id.* at CM/ECF p. 2.) Burgess is a prosecutor in Sarpy County, Nebraska. (*Id.*) Plaintiff sues Robitaille, Chandler, Gallo, and Burgess in their individual capacities only.

Plaintiff's Complaint asserts violations of his rights pursuant to 42 U.S.C. § 1983, and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Nacotics, 403 U.S. 388 (1971)*. Plaintiff's factual allegations are somewhat difficult to decipher. Liberally construed, and as best as the court can tell, Plaintiff alleges that Robitaille and Gallo violated his Fourth Amendment rights when they knowingly provided false

information in support of an arrest warrant, and Chandler violated his Fourth Amendment rights when he relied on the arrest warrant he knew to be based on false information. Specifically, Plaintiff argues that an individual named Shannon Jackson was arrested following an attempted bank robbery on March 13, 2009. (Filing No. 1 at CM/ECF p. 3.) Also on March 13, 2009, following the attempted robbery, law enforcement officers recovered various items of physical evidence they believed to have been used in the commission of the attempted robbery, including "a B.B. gun, some clothing, backpack, two way radio, and two tasers." (*Id.* at CM/ECF p. 4.) On March 14 and 15, 2009, Shannon Jackson contacted Plaintiff and, apparently in an attempt to get Plaintiff to hide or conceal evidence, asked Plaintiff to "clean out the Honey Comb" and locate other items Jackson dropped in a residential neighborhood. (*Id.* at CM/ECF p. 5.) These conversations were recorded by law enforcement. Plaintiff alleges that, notwithstanding his conversations with Plaintiff, he did not "attempt to locate any items for Jackson." (*Id.* at CM/ECF p. 5.)

On April 16, 2009, Robitaille and Gallo prepared and executed an affidavit offered in support of Plaintiff's arrest for conspiracy to tamper with physical evidence. According to Plaintiff, Robitaille and Gallo believed that, based on Plaintiff's conversations with Jackson, Plaintiff "was trying to tamper with the book bag, taser, two-way radio, and the clothing." (*Id.* at CM/ECF p. 7.) Plaintiff alleges that, at the time Robitaille and Gallo prepared the affidavit, they knew that Plaintiff could not have tampered with these items because these same items had already been recovered by law enforcement. (*Id.* at CM/ECF pp. 7-13.) Plaintiff was ultimately charged in state court with conspiracy to tamper with physical evidence, and those charges were later dismissed. (*Id*. at CM/ECF pp. 7-9.)

Liberally construed, Plaintiff also alleges that Burgess violated his civil rights. He alleges that, following his arrest for conspiracy to tamper with physical evidence, he bonded out. Shortly thereafter, Burgess scheduled a bond hearing "without

probable cause and without any reason given," which resulted in Plaintiff's arrest. (*Id.* at CM/ECF pp. 7-8.)

Plaintiff requests relief in the form of a declaratory judgment, and compensatory and punitive damages. (*Id.* at CM/ECF p. 13.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where pro se plaintiffs do not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that

3

the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

Plaintiff also brings this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging violations of his civil rights guaranteed under the United States Constitution. In *Bivens*, the Supreme Court held that one is entitled to recover monetary damages for injuries suffered as a result of federal officials' violations of the Fourth Amendment.

### III. DISCUSSION OF CLAIMS

#### A. Fourth Amendment Claims

Liberally construed, Plaintiff raises Fourth Amendment claims against Robitaille, Chandler, and Gallo. The Fourth Amendment protects the right of people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures. U.S. Const. amend. IV. "It is well established that the Fourth Amendment requires a truthful factual showing sufficient to constitute probable cause before an arrest warrant can issue." *Moody v. St. Charles Co.*, 23 F.3d 1410, 1412 (8th Cir. 1994). "Information in an affidavit to establish probable cause must be truthful in the sense that the information put forth is "believed or appropriately accepted by the affiant as true." *Franks v. Delaware*, 438 U.S. 154, 165 (1978).

Here, Plaintiff alleges that Robitaille and Gallo knowingly provided false information in support of a warrant for Plaintiff's arrest for conspiracy to tamper with physical evidence. Specifically, Plaintiff alleges that Defendants "intentionally omitt[ed] facts that the police [had already] recovered the evidence" they were accusing Plaintiff of trying to tamper with (i.e., they did not inform the judge that

4

Plaintiff could not have actually tampered with the evidence, as it had already been recovered by law enforcement). (Filing No. 1 at CM/ECF p. 11.)

Plaintiff's factual allegations are implausible. He attached a copy of the Affidavit of Probable Cause for Issuance of Arrest Warrant to his Complaint, and incorporated the document by reference into his Complaint. (*See id.* at CM/ECF pp. 7, 28-29.) The affidavit clearly sets forth that law enforcement had already recovered the evidence at the time they believed Plaintiff was attempting to tamper with it. (*Id.* at CM/ECF p. 29 ("Bellevue Police had previously recovered clothing, two way radios, a back and blue backpack and two Tasers . . . .").) Thus, Plaintiff's claim that Defendants intentionally omitted this information, in violation of his Fourth Amendment rights, fails to state a claim upon which relief may be granted.

Out of an abundance of caution, and because Plaintiff's factual allegations are somewhat difficult to decipher, the court will provide Plaintiff with the opportunity to file an amended complaint that clearly sets forth a Fourth Amendment claim upon which relief may be granted. On the court's own motion, Plaintiff shall have 30 days in which to amend his Complaint to clearly state a claim against Defendants upon which relief can be granted.

### B. Prosecutorial Immunity

Prosecutors such as Burgess "are entitled to absolute immunity from civil liability under § 1983 when they are engaged in prosecutorial functions that are 'intimately associated with the judicial process.'" *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) (citations omitted). Thus, absolute immunity attaches when a prosecutor's actions are "prosecutorial" rather than "investigatory or administrative." *Id.* "Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." *Brodnicki v. City of*

*Omaha*, 75 F.3d 1261, 1266 (8th Cir.1996). However, where a prosecutor's actions are investigatory or administrative, that individual is entitled only to qualified immunity. *Id.* The focus in determining the nature of the prosecutor's actions is "whether the [prosecutor's] act was closely related to [her] role as advocate for the state." *Id.* at 1267.

Liberally construed, Plaintiff alleges that Burgess violated Plaintiff's civil rights by scheduling a bond hearing "without probable cause or any reason given," which resulted in Plaintiff's arrest because he did not receive notice of the hearing or attend the hearing. (Filing No. 1 at CM/ECF p. 8.) Plaintiff's argument is without merit, and clearly barred by the doctrine of prosecutorial immunity, which provides that prosecutors have absolute immunity for activities in or connected with judicial proceedings such as bond hearings. As such, Burgess is entitled to absolute prosecutorial immunity and the claims against her will be dismissed with prejudice.

IT IS THEREFORE ORDERED that:

1. For the reasons set forth above, Plaintiff's claims against Burgess are dismissed with prejudice.

2. Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that clearly states a plausible Fourth Amendment claim against Defendants. If Plaintiff fails to file an amended complaint, or the court finds that the amended complaint is insufficient, this matter will be dismissed without further notice for failure to state a claim upon which relief may be granted.

3. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

4. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: October 21, 2013: Check for amended complaint.

5. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

DATED this 24th day of September, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.