IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DANNY D. REAVES, | ) | 8:13CV141 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JONATHAN ROBITAILLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on its own motion. On September 24, 2013, the court conducted an initial review of Plaintiff Danny D. Reaves' Complaint, concluding that his allegations did not state a claim upon which relief could be granted against Defendant Laurie Burgess, and dismissing Plaintiff's claims against her with prejudice. (Filing No. 12 at CM/ECF pp. 5-6.) The court further concluded that the Complaint did not state a claim upon which relief could be granted against the remaining defendants, but provided Plaintiff with the opportunity to file an amended complaint. (*Id*. at CM/ECF pp. 4-5.)

    On November 27, 2013, Plaintiff filed an Amended Complaint. (Filing No. 18.) As with his original Complaint, Plaintiff's Amended Complaint fails to allege sufficient facts to state a claim upon which relief may be granted against Defendants Jonathon Robitaille ("Robitaille"), Matt Chandler ("Chandler"), Francis Gallo ("Gallo"), and "Unknown Law Enforcement Officers." As the court previously explained in its September 24, 2013, Memorandum and Order, Plaintiff's claim that Defendants acted with "deliberate falsehood an[d] reckless disregard for the truth" in obtaining a warrant to arrest him is implausible. (Filing No. 12 at CM/ECF p. 5.)

    In addition, Plaintiff alleges that Defendants Chandler and Robitaille arrested him "for investigative purposes" to question him about "other uncharged and unsolved crimes." (Filing No. 18 at CM/ECF p. 12.) Plaintiff states that Defendants arrested him on May 7, 2009, and that Robitaille specifically stated: "I'm not allowed to talk to you about the tampering with evidence charges because your [sic] represented by counsel, but I want to talk to you about the robberies that you've been running around here doing." (Filing No. 18 at CM/ECF p. 8.) To the extent Plaintiff is alleging that he is entitled to damages because his *Miranda* rights were violated, his claim lacks merit. See *Warren v. City of Lincoln*, 864 F.2d

1436, 1442 (8th Cir. 1989) (en banc); *accord* Brock v. Logan County Sheriff's Dep't, 3 F.3d 1215, 1217 (8th Cir. 1993) (per curiam) ("The remedy for the alleged *Miranda* violation is the exclusion from evidence of any compelled self-incrimination, not a civil rights action."); *see also* McNeil v. Wisconsin, 501 U.S. 171, 181 (1991) (concluding, where a pretrial detainee has never expressed any unwillingness to be questioned, and where police officers suspect the pretrial detainee had involvement in other crimes, that the police officers' ability to obtain "uncoerced confessions is not an evil but an unmitigated good"); U.S. v. Harrison, 213 F.3d 1206, 1211 (9th Cir. 2000) (concluding "a suspect may not retain counsel before an indictment to 'preempt' interrogation concerning *any* crime") (emphasis in original).

For these reasons, and for the reasons set forth in the court's September 24, 2013, Memorandum and Order, Plaintiff has failed to state a claim upon which relief could be granted, and this matter is dismissed.

IT IS THEREFORE ORDERED that:

1.    This matter is dismissed without prejudice for failure to state a claim upon which relief may be granted.

2.    All pending Motions are denied.

3.    A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 15th day of April, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.